G. W. SHELDON & Co. *v.* UNITED STATES (No. 3299)[1]

[1] T. D. 44376.

United States Court of Customs and Patent Appeals, November 3,
1930

*James W. Barnes* for appellant.

*Charles D. Lawrence,* Assistant Attorney General (*Thomas J. McKenna,* special attorney, of counsel), for the United States.

[Oral argument October 15, 1930, by Mr. Lawrence]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

LENROOT, Judge, delivered the opinion of the court:

This appeal involves three claims for a damage allowance under section 563, Tariff Act of 1922. The merchandise consisted of lead-covered cable imported for the Commonwealth Edison Co. and designed for 35,000 volts. Appellant claims, and the Government does not deny, that it was transported from New York, the port of first arrival, in bond to Chicago.

Appellant filed with the collector of customs at Chicago three documents which the parties and the lower court have treated as protests, although the relief asked for is really an allowance because of damage alleged to have been sustained by the merchandise while in transit in bond. Each of the claims is in the following language—

that a large part of said merchandise was damaged while in transit in bond, and allowance for damage should have been made on liquidation as requested in "Application for Allowance for Damage" (Customs Form 4315) filed with you under Art. 720, Customs Regulations, 1923.

The record discloses that the collector declined to entertain the claims for damage because they were not made within ten days after the arrival of the merchandise, as provided by article 722 of the Customs Regulations, 1923.

The lower court, following the decision of this court in *United States v. Chas. J. Webb Sons Co. (Inc.),* 16 Ct. Cust. Appls. 156, T. D. 42790, held that 10 days was an unreasonably short time within which to furnish the items of damage because of the character of the merchandise, and held that appellant was entitled to show the amount of damage.

The Government concedes that in view of *United States v. Webb, supra,* this was a proper ruling.

Appellant contends that the only question at issue is the amount of damage, and that it has proved the amount and is entitled to relief.

The Government contends that appellant has failed to set forth specifically in his claims the amount of damage, and has failed to produce proof satisfactory to the United States Customs Court of the extent of the damage to the merchandise. The Government, in

its brief and upon oral argument, made certain other contentions which, in view of the conclusion we have reached, it is unnecessary to consider.

Section 563 of the Tariff Act of 1922 reads as follows:

SEC. 563. ALLOWANCE FOR LOSS—ABANDONMENT.—In no case shall there be any abatement or allowance made in the duties for any injury, deterioration, loss, or damage sustained by any merchandise while remaining in a bonded warehouse: *Provided,* That upon the production of satisfactory proof to the Board of General Appraisers of actual injury or destruction, in whole or in part, of any merchandise, by accidental fire or other casualty, while in bonded warehouse, or in the appraiser's stores undergoing appraisal, or while in transportation under bond from one port to another, or while in the custody of the officers of the customs, although not in bond, or while within the limits of any port of entry, and before the same has been landed from the importing vessel or vehicle, such board is hereby authorized to order an abatement or refund, as the case may be, and the Secretary of the Treasury is authorized to pay, out of any moneys in the Treasury not otherwise appropriated, the amount of duties paid. Notice in writing shall be filed with the collector of the district in which such actual injury or destruction was sustained or occurred, and the collector shall transmit such notice together with all papers and documents to the board for due assignment and determination, and such determination shall be final and conclusive upon all persons interested therein except in cases where an appeal may be filed by either party in the United States Court of Customs Appeals within the time and in the manner provided by law: * * *

It is plain that under this section the burden is upon the importer to show not only damage, but the extent of the damage as well, measured in dollars. That must be shown either directly in terms of money value, or proof must be produced from which the amount of damage, measured in dollars, can be ascertained.

Appellant contends that the proof shows the quantity of cable damaged, stated in feet, the total number of feet of cable imported, and contends that the amount of damage, in terms of dollars, can be ascertained by finding the percentage that the damaged portion bears to the total quantity imported and taking such percentage of the total value upon which duty was assessed.

The lower court in its opinion said that it could find nothing in the evidence that would enable it to fix the amount of loss or damage, if any, and that nowhere had the damage been expressed in terms of money value.

We agree with this view of the lower court. The rule urged by plaintiff would be correct where there was a total loss of the damaged portion, but this is not such a case. Appellant's witness testified that no portion of the damaged cable was used for the purpose intended by the importation, but that the Commonwealth Edison Co. was allowed a credit for the salvage value at the junk price of lead and copper, but nowhere does it appear what the amount of that salvage value was.

Clearly, the damage suffered was the difference between the value of the cable in its damaged condition and its value before being damaged. What that sum was there is no way of ascertaining from the evidence produced upon the trial.

Appellant contends that the amount of damage in money value is stated in an appraiser's report, which is found in the record. That report, however, was not introduced in evidence, and the lower court correctly observed that the record plainly shows that the attorneys on both sides disavowed any desire to have it made a part of the record.

Clearly, the appraiser's report in this case can not be considered as supplying any deficiencies in appellant's proof. *Abell Forwarding Co.* v. *United States,* 13 Ct. Cust. Appls. 597, T. D. 41455.

The judgment of the United States Customs Court is *affirmed.*